# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   4:19-CR-131-ALM |
| | § |
| ROBERT ALLEN HALL | § |
| | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding was referred to the undersigned United States Magistrate Judge.

On June 28, 2019, Defendant's counsel filed a Motion for Psychiatric Examination as to Defendant ("Motion for Examination") (Dkt. 23) seeking a psychiatric or psychological exam to determine if Defendant suffers from a mental disease or defect rendering Defendant mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court granted the Motion for Examination on July 1, 2019. *See* Dkt. 25. Defendant was subsequently evaluated by Dr. Danielle Powers ("Dr. Powers"), of Fort Worth, Texas. *See* Dkt. 31. Dr. Powers found Defendant to be competent.

Dr. Powers's psychiatric report concludes, "Although he has been diagnosed with mild neurocognitive disorder due to traumatic brain injury, without behavioral disturbance, his competency-related abilities are not impaired by this mental defect. As such, it is opined that Mr. Hall is competent to proceed in this case." Dkt. 31.

The Court held a competency hearing on September 10, 2019. At the hearing, Defendant appeared in court with his counsel, Harmony Schuerman. Defendant's counsel did not present any objections to Dr. Powers's opinion on competency. Neither party objected to the admissibility of the report detailing the results and findings; therefore, the Court admitted the report into evidence under seal. *See* Dkt. 32.

The undersigned concludes that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Defendant has a rational and factual understanding of the proceedings against him and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); *see also Dusky v. United States*, 362 U.S. 402 (1960).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends a finding that Defendant is competent to stand trial, as he understands the nature and consequences of the proceeding against him and is able to assist in his own defense. *See* 18 U.S.C. § 4241(d). It is further recommended that the speedy trial time be excluded from June 28, 2019 (the date Defendant filed the Motion for Examination), until the date on which the District Judge signs the Memorandum Adopting this Report and Recommendation.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions

2

accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    **IT IS SO ORDERED**.

    **SIGNED this 12th day of September, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE